IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:11-cv-493

| | |
|---|---|
| NICOLA WATSON-JOE, | ) |
| Plaintiff, | ) |
| v. | ) **COMPLAINT** |
| | ) **(Jury Trial Demanded)** |
| BANK OF AMERICA, | ) |
| Defendant. | ) |

I.

The Plaintiff is a citizen and resident of Wake County, North Carolina.

II.

The Defendant is a corporation, incorporated under the laws of Delaware. It has its principal home office and place of business in Charlotte, North Carolina. The Defendant operates a commercial financial facility throughout North Carolina and the United States and the world. It has businesses and offices throughout North Carolina and throughout the world. It is incorporated under the laws of Delaware and has been authorized and has the authority to do business, to sue and to be sued in its corporate name.

III.

Plaintiff was employed by Defendant on January 24, 1994 as a trainee and became a Branch Manager in March 1995. She was assigned to the Raleigh, North Carolina office. She was one of the first African American managers to be assigned to the Raleigh office.

According to her performance evaluations, she performed well in her job and met performance expectations, but she began to experience problems with her white supervisor and employees she supervised beginning in August 2010.

IV.

A. Defendant began to complain about concerns Defendant contended were being raised by some of the white employees Plaintiff supervised. As these alleged complaints were investigated it became clear that the alleged concerns did not exist or they were clearly based on Plaintiff's race and color.

B. Plaintiff complained that the concerns raised against her were based on her race and color and that Defendant was treating her differently because of her race. The Defendant, however, proceeded to ignore the Plaintiff and dismissed her on October 18, 2010 because of her race and color.

C. Defendant contends that it removed and dismissed the Plaintiff as Branch Manager for legitimate non-racial reasons but the evidence will show no basis for Plaintiff's removal and dismissal, other than her race and color, that Plaintiff was simply treated differently than other Branch Managers, based on her race and color, that there was no legitimate explanation for Plaintiff's dismissal other than her race and color.

V.

Plaintiff filed a timely charge with the Equal Employment Opportunity Commission, alleging that she was treated differently and dismissed by Defendant based on her race and color. The Commission was unable to resolve Plaintiff's charge and issued a right-to-sue letter on June 27, 2011. Plaintiff is filing this action within the 90 days authorized for filing suit.

VI.

As a result of the discrimination and retaliation alleged herein, Plaintiff has experienced pain and suffering, loss of earning, loss of fringe benefits, loss of other opportunities and loss of enjoyment of life and mental anguish and distress, including extreme worry, humiliation, loss of sleep and other monetary losses.

VII.

Plaintiff has been irrevocably injured by Defendant because of the action complained of herein. The practices that Plaintiff is seeking to challenge are continuing and should be enjoined by the Court. Plaintiff has no other adequate or complete relief other than this proceeding in equity to have Defendant's practices enjoined, the affirmative restoration of Plaintiff's losses and an award of damages and costs.

VIII.

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays that the racially discriminatory practices alleged herein be temporarily and permanently enjoined by the Court;

That this matter be tried by a jury, and after the jury trial, that the Court:

1. Declare that the practices complained of herein violate Plaintiff's rights under Title VII and the Civil Rights Act of 1964;

2. Issue an injunction, enjoining Defendant, its agents, its employees, successors, attorney and those acting in concert or participation with them from engaging in the unlawful practices set forth herein and any other practices shown to be in violation of Title VII of the Civil Rights Act of 1964.

3. Award Plaintiff compensatory damages, including damages for mental anguish, pain and suffering, harm to Plaintiff's economic relations and opportunities, loss of earnings with cost of living adjustments, interest, fringe benefits and retirement benefits.

4. Award Plaintiff her costs and expenses for bringing and prosecuting this action, including reasonable attorney fees.

5. Grant Plaintiff such additional and alternative relief as may be just and necessary in order to award Plaintiff complete relief.

This 21st day of September, 2011.

*/s/ Julius L. Chambers*
Julius L. Chambers (N. C. Bar No. 769)
Ferguson Stein Chambers Gresham &
    Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC 28204
(704) 375-8461 – Telephone
(704) 334-5654 – Facsimile
jchambers@fergusonstein.com